## DANIEL L. CUATT v. NELLIE A. ROSS.

FILED MARCH 8, 1906. No. 14,197.

Review: HARMLESS ERROR. When the evidence is insufficient to support an alleged counterclaim, the defendant cannot complain of errors in the giving or refusing of instructions having reference to it.

ERROR to the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Hamer & Hamer,* for plaintiff in error.

*Fred A. Nye* and *H. M. Sinclair, contra.*

AMES, C.

The plaintiff below, defendant in error here, was the owner of a tract of land which the defendant contracted to cultivate for a term, for a part of the produce, undertaking to gather and distribute the crop in a manner described in a written agreement between the parties. The

ground was cultivated, but the plaintiff complains that the defendant neglected properly to care for, preserve, and deliver her share of the produce, as he was required to do, and that he had failed in some respects in caring for the lands and certain buildings thereon, in all to her damage for a considerable sum, which this action was brought to recover. The defendant pleaded by way of counterclaim that, during the term, cattle belonging to the plaintiff were permitted by her to trespass upon the premises and destroy grain in stack and crib, and commit other depredations, to the injury of the defendant, for which he prayed damages. There was a trial to a jury, and a verdict and judgment for the plaintiff, from which the defendant prosecutes error.

The record is rather voluminous, considering the amount involved in the controversy, and an exposition of the evidence in this opinion would hardly be justified by the circumstances. We are convinced, however, from a careful examination of it that it is insufficient to sustain the counterclaim in any degree. There is, indeed, an entire absence of competent evidence tending to show that the plaintiff was ever the owner or custodian of any cattle, and there is affirmative evidence that she never was such. Errors assigned and urged upon the hearing have reference to instructions given or refused concerning the counterclaim, but in view of the state of the evidence they are plainly immaterial. It is also assigned that the evidence is insufficient to support the verdict, but the evidence, with reference to the cause of action set forth in the petition, covers all the matters in issue, and, in so far as it is not undisputed in support of it, is conflicting, so that this court is not called upon to review it.

We recommend therefore that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, it is ordered that the judgment of the district court be